UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM L. DAVIDSON,

      Plaintiff,

- against -

THE CITY OF NEW YORK; THE FLEXIBILITY,

      Defendants.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
10-CV-5833 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 28 2010 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Plaintiff William L. Davidson, currently incarcerated at Clinton Correctional Facility, filed this *pro se* action on December 9, 2010. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, the Complaint is DISMISSED.

## BACKGROUND

Plaintiff's Complaint, submitted on the Court's sample form for the filing of civil rights actions pursuant to 42 U.S.C. § 1983, is wholly incomprehensible and fails to set forth any cognizable claim for relief. For example, Plaintiff's statement of claim alleges: "[t]he involvement to decency is the infliction to sentencing. The D.O.C. is a condition that is the term to order duration." (Compl. ¶ IV.) Next, the Complaint sets forth the following injuries:

> In authority at the order is significant to care and is not in a fix who (Davidson. W.L.) to no acts but confinement! And to the state is convicted to incidents at purposes to conditions at length of action. The incidents deprive the law and impose to encompass the confinement <u>who has been into hardship at duty</u>!.

(*Id.* at IVA (emphasis in original).)

Finally, Plaintiff states that he is seeking the following relief:

> The care is imposed as a time to right and in camp and operator to affect a duration and incident to term and in imposed toward time in challenge at care who has been the nature to parole on lifer of injunction. Is at sentence of article to agent. $652000 and or $ dues ++ (plus) at using me to rent. $2,000,000 is (two million) to damage is the violation, at $ interest $ millions to weeks with correspondence at continues toward sequence.

(*Id.* at V (emphasis in original).)

## DISCUSSION

Under 28 U.S.C. § 1915A, the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, the district court shall dismiss a prisoner complaint *sua sponte* if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an undisputedly meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotation marks omitted).

Of course, because Plaintiff is proceeding *pro se*, his Complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally and interpret them to raise the strongest

2

arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, the Court may dismiss a claim if it finds that it is based on "indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

One of the only intelligible portions of Plaintiff's Complaint is the caption, which names the City of New York as a defendant (as well as a second defendant, "The Flexibility"). A municipality can be liable under §1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Here, the Complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate that Plaintiff suffered damages as a result of any policy or custom of the City of New York.

Indeed, Plaintiff's pleadings are wholly unintelligible. Even when afforded the most liberal reading accorded *pro se* pleadings, Plaintiff fails to present any cognizable claim for relief. Accordingly, the Court concludes that Plaintiff's Complaint fails to set forth any comprehensible factual or legal basis for relief; therefore, it must be dismissed. *See Denton*, 504 U.S. at 32; *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (dismissal warranted when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.") (internal quotation marks and citations omitted). Finally, because the Complaint fails to "give[] any indication that a valid claim might be stated[,]" leave to file an amended complaint is not warranted in this case. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

For the forgoing reasons, Plaintiff's Complaint is DISMISSED. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to transmit a copy of this Memorandum and Order to Plaintiff and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 23, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

4